IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| GASPAR SYLVESTER, | : | |
| | : | |
| Petitioner, | : | |
| | : | |
| VS. | : | NO. 5:10-CV-464 (MTT) |
| | : | |
| BRUCE CHATMAN, | : | |
| | : | Proceedings Under 28 U.S.C. § 2254 |
| Respondent. | : | Before the U.S. Magistrate Judge |
| _____ | : | |

## RECOMMENDATION

Before the Court is Petitioner Gaspar Sylvester's 28 U.S.C. § 2254 petition seeking habeas corpus relief. Doc. 1. The petition contains eight grounds: one ground alleging that Petitioner was denied due process because he could not understand his Spanish interpreter, six grounds raising various claims of ineffective assistance of counsel, and one ground alleging that the evidence presented at trial was not sufficient to support a conviction. Because Petitioner's grounds are either procedurally defaulted or fail to state a basis for habeas relief, **IT IS RECOMMENDED** that the instant petition be **DENIED**.

PROCEDURAL HISTORY

On January 23, 2007, a Houston County Grand Jury indicted Petitioner Gaspar Sylvester, along with co-defendants Jose Cruz and Juan Rodriguez, with one count of armed robbery. Doc. 7-3 at 4. A joint trial was held for all three co-defendants from February 5-8, 2007. Id. At trial, the State presented testimony from the victim, the victim's friend who was present at the crime scene when the police arrived, and four of the responding police officers. Doc. 7-6. None of the three co-defendants presented any testimonial evidence. Id. Because neither the victim nor the co-defendants spoke English, several Spanish interpreters assisted the defendants during the trial

1

by translating the English into Spanish. Id. Following the trial, all three co-defendants were found guilty of armed robbery. Doc. 7-9 at 23. On February 9, 2007, Petitioner was sentenced to fifteen years, with the first ten to serve in prison and the balance to be probated. Doc. 7-3 at 5.

On March 7, 2007, Petitioner, through his trial counsel, filed a motion for new trial. Id. Petitioner then changed counsel and filed an amended motion for new trial through his appeal counsel. Id. Following a hearing, Petitioner's motion for new trial was denied on September 14, 2009. Id. at 6. Petitioner then filed a direct appeal, raising the following issues:

1. the trial erred in denying Petitioner's motion for new trial on the ground that Petitioner's due process rights were violated as a result of his inability to participate in his defense due to language barriers;

2. the trial court erred in denying Petitioner's motion for new trial on the ground of ineffective assistance of counsel based on trial counsel's:

    a) failure to adequately investigate the facts and interview witnesses for the state and defense;

    b) failure to properly consult with, advise, and prepare Petitioner prior to and during trial;

    c) failure to file a motion to sever parties;

    d) failure to properly cross-examine Officer Massey and object to certain State's exhibits;

    e) failure to request a jury instruction as to the lesser included offenses of theft by taking and robbery by intimidation;

    f) failure to properly object to juror misconduct regarding a sleeping juror; and

3. the guilty verdict was not supported by the evidence.

Id. The Georgia Court of Appeals determined that determined that Petitioner's due process claim regarding his ability to participate in his defense was procedurally defaulted, that Petitioner failed to show that his trial counsel was ineffective, and that there was sufficient evidence to

support the jury's guilty verdict. Sylvester v. State, 305 Ga. App. 805 (2010).[1] Accordingly, Petitioner's appeal was denied on August 20, 2010. Id. Petitioner then filed a motion for reconsideration, which was denied on September 2, 2010. Id. Petitioner did not seek state habeas corpus relief. On December 2, 2010, Petitioner filed the instant petition. Doc. 1.

## STATEMENT OF FACTS

In accordance with 28 U.S.C. § 2254(e)(1), and for the purpose of considering the instant petition, the facts as found by the Georgia Court of Appeals on direct appeal of Petitioner's criminal case are adopted by this court. These facts are as follows:

> [Viewed in a light most favorable to the verdict], the record shows that some time after midnight on October 7, 2006, Gerardo Aulet was returning to his own apartment from an evening out with friends when another friend invited him to have a few beers with Cruz, Rodriguez, and Sylvester at their apartment, which was a few doors down from Aulet's. After a couple of hours, Aulet's friend left. A short time later, Aulet also started to leave the apartment, but as he did, Cruz, Rodriguez, and Sylvester stopped him and started beating him. As Aulet struggled, Sylvester brandished a knife, and the three defendants took two necklaces that Aulet had been wearing and $500 that he had been carrying in his pocket. Finally, a fourth unidentified man, who had also been in the apartment, intervened and convinced the three defendants to let Aulet leave. Aulet, who only spoke Spanish, immediately went to his own apartment and asked his female roommate, who spoke English, to call the police.
>
> Within a few minutes, the police arrived and, with Aulet's roommate interpreting for him, the police determined that Aulet had been robbed by the three defendants living in the apartment just a few doors down. Consequently, the police knocked on the door of the apartment where Aulet said the robbery had occurred, and a Hispanic male matching a description that Aulet had provided of one of the assailants, opened the door. The police detained the man and thereafter found two other Hispanic males in the apartment, who also matched the descriptions provided by Aulet, as well as the fourth male who had stopped the attack. After the apartment was cleared, Aulet identified Cruz, Rodriguez, and Sylvester as his attackers. In addition, while ensuring that all of the robbery suspects had been removed from the apartment, the police saw Aulet's necklaces hanging on a hook on a bedroom wall. The police also saw several knives in the kitchen and a couple of box-cutters on the floor in an open closet.

Sylvester, 305 Ga. App. at 806.

---

[1] The three co-defendants' appeals were consolidated by the Georgia Court of Appeals.

3

## NEED FOR AN EVIDENTIARY HEARING

Under the Anti-Terrorism and Effective Death Penalty Act (AEDPA), 28 U.S.C. §2244, if an applicant has failed to develop the factual basis of a claim in state court proceedings, the court shall not hold an evidentiary hearing on the claim unless the applicant shows that: (A) the claim relies on: (i) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or (ii) a factual predicate that could not have been previously discovered through the exercise of due diligence; and (B) the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense. 28 U.S.C. § 2254(e)(2). After a review of the record in this case, and in light of the above fact statement, no evidentiary hearing is warranted in this case.

## LEGAL STANDARDS

In accordance with the provisions of 28 U.S.C. § 2254(d), this court is prohibited from granting relief with respect to any claim adjudicated on the merits in state court proceedings unless that adjudication either: (1) resulted in a decision contrary to, or involved an unreasonable application of, clearly established federal law as determined by the United States Supreme Court or (2) resulted in a decision based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings.  Williams v. Taylor, 529 U.S. 362, 402-13 (2000).

A state court decision is "contrary to" clearly established federal law if either "(1) the state court applied a rule that contradicts the governing law set forth by Supreme Court case law, or (2) when faced with materially indistinguishable facts, the state court arrived at a result different from that reached in a Supreme Court case." Putman v. Head, 268 F.3d 1223, 1241

(11th Cir.2001).  An "unreasonable application" of clearly established federal law may occur if the state court "identifies the correct legal rule from Supreme Court case law but unreasonably applies that rule to the facts of the petitioner's case."  Id.  "An unreasonable application may also occur if a state court unreasonably extends, or unreasonably declines to extend, a legal principle from Supreme Court case law to a new context."  Id.  Moreover, when a "state court's application of federal law is challenged, it must be shown to be not only erroneous, but objectively unreasonable."  Yarborough v. Gentry, 540 U.S. 1, 5 (2003).

## DISCUSSION

Petitioner's Section 2254 petition essentially raises the same grounds that Petitioner raised on direct appeal: (1) that Petitioner's due process rights were violated as a result of Petitioner's inability to participate meaningfully in his defense; (2) that trial counsel was ineffective for failing to investigate the facts of the case and interview witnesses for the State and the defense; (3) that trial counsel was ineffective for failing to consult with Petitioner; (4) that trial counsel was ineffective for failing to file a motion to sever the parties; (5) that trial counsel was ineffective for failing to properly cross-examine Officer Patrick Massey and object to the admission of certain State's exhibits; (6) that trial counsel was ineffective for failing to request a jury instruction as to the lesser included offenses of theft by taking and robbery by intimidation; (7) that trial counsel was ineffective for failing to object properly to juror misconduct based on a sleeping juror; and (8) that the evidence presented at trial was insufficient to support a guilty verdict. Because Ground One is procedurally defaulted and because the Georgia Court of Appeals' decision regarding Grounds Two through Eight is not contrary to clearly established federal law or unreasonable in light of the facts presented, Petitioner is not entitled to relief.

1. Ground One

In Ground One, Petitioner contends that he was denied due process because he was unable to participate meaningfully in his defense. Specifically, Petitioner alleges that he was unable to communicate with his attorney or understand the trial through his Spanish interpreters because Petitioner's native language is the Mayan language Chuj. Petitioner contends that he speaks and understands Chuj but does not speak or understand Spanish. Petitioner raised this issue on direct appeal. The court of appeals found that Petitioner waived this claim because he did not timely object to the issue regarding his inability to understand his interpreters. Because the state court's determination that Petitioner had procedurally defaulted this claim rested on adequate state law grounds and because Petitioner has presented no evidence to excuse procedural default, Ground One is procedurally defaulted.

A federal habeas court may not review a petitioner's federal constitutional claims if those claims were defaulted in state court pursuant to an independent and adequate state procedural rule. Coleman v. Thompson, 501 U.S. 722, 750 (1991) holding modified by Martinez v. Ryan, 132 S.Ct. 1309, 1318-19 (2012).  The Eleventh Circuit has established a three-part test to determine whether the state court's determination constitutes an independent and adequate state rule of decision: (1) the last state court rendering a judgment in the case must clearly and expressly say that it is relying on state procedural rules to resolve the federal claim without reaching the merits of the claim; (2) the state court decision must rest on state law grounds and may not be "intertwined with the interpretation of federal law;" and, (3) the state court's procedural rule must be firmly established and regularly followed. Card v. Dugger, 911 F.2d 1494, 1516-17 (11th Cir. 1990).

Petitioner has failed to show that the state court's findings were not based on independent and adequate state law grounds. In its decision, the Georgia Court of Appeals expressly stated

6

that this claim was defaulted, stating that "[b]y failing to interpose a timely objection, [defendants have] waived his issue on appeal." Sylvester, 305 Ga. App. at 808 (quoting Duran v. State, 274 Ga. App. 876, 880 (2005)). Relying on Georgia law, the Court of Appeals found that this claim was defaulted because Petitioner never objected or indicated in any way that he could not understand the Spanish translation of the proceedings.[2] Id.; See also Ramos v. Terry, 279 Ga. 889, 893 (2005); Duran, 274 Ga. App. at 880; Baldivia v. State, 276 Ga.App. 266, 272 (2004) (all stating that failing to raise a timely objection to issues regarding an interpreter constitutes a waiver of the issue on appeal). Because the Court of Appeals determined that the claim was waived pursuant to established Georgia procedural law, Ground One of Petitioner's Section 2255 petition is procedurally defaulted.

Petitioner has also failed to present evidence to overcome procedural default. Procedural default can be excused in limited circumstances. See Coleman, 501 U.S. at 750. If the respondent establishes that default has occurred, the petitioner bears the burden of establishing that either (1) cause and prejudice or (2) a fundamental miscarriage of justice exists to overcome the default. Gordon v. Nagle, 2 F.3d 385, 388 (11th Cir. 1993). A finding of cause "must ordinarily turn on whether the petitioner can show that some objective factor external to the defense impeded counsel's efforts to comply with the procedural rule." Murray v. Carrier, 477 U.S. 478, 488 (1986) (superseded by statute on other grounds). To establish prejudice, a petitioner must "show that the errors at trial actually and substantially disadvantaged his defense so that he was denied fundamental fairness." McCoy v. Newsome, 953 F.2d 1252, 1261 (11th Cir. 1992). To establish

---

[2] Petitioner's co-defendant Cruz also challenged the trial court's finding at the motion for new trial that the defendants' claim that they could not understand the Spanish translation of the proceedings lacked credibility. Sylvester, 305 Ga. App. at 809. Because the defendants never indicated that they were not able to understand their interpreters and because defendants affirmatively stated at sentencing they were able to understand their interpreters, the Court of Appeals determined that the trial court did not err in finding that the defendants' claim lacked credibility. Id.

a fundamental miscarriage of justice, a petitioner must show that there is a probability that he is actually innocent. Murray, 477 U.S. at 496.

Petitioner has failed to show cause and prejudice or a fundamental miscarriage of justice. Although Petitioner could have claimed ineffective assistance of trial counsel for failure to raise a timely objection as cause for procedural default, Petitioner must exhaust the ineffective assistance of counsel claim before raising it as cause for the default. See id. at 488-89. Because Petitioner failed to raise this claim as an ineffective assistance of counsel claim during the state proceedings, such a claim is unexhausted. Accordingly, Petitioner has failed to overcome procedural default.

2. Grounds Two through Seven

In Grounds Two through Seven, Petitioner raises various claims of ineffective assistance of trial counsel. The Sixth Amendment of the United States Constitution states that "in all criminal prosecutions, the accused shall enjoy…the Assistance of Counsel for his defense." U.S. CONST. AMEND. VI. The right to counsel provision guarantees the accused the right to effective assistance of counsel. McMann v. Richardson, 397 U.S. 759, 771, n. 14 (1970). To prevail on a claim of ineffective assistance of counsel, the petitioner bears the burden of establishing by a preponderance of the evidence that: (1) his attorney's performance was deficient, *and* (2) he was prejudiced by the inadequate performance. Strickland v. Washington, 466 U.S. 668, 687 (1984); Chandler v. United States, 218 F.3d 1305, 1313 (11th Cir. 2000). A petitioner must prove both prongs of the Strickland test to show that his counsel was ineffective. Id.

To establish deficient performance, a petitioner must prove that his counsel's performance was unreasonable under prevailing professional norms and that the challenged action was not sound strategy. Chateloin v. Singletary, 89 F.3d 749, 752 (11th Cir. 1996). A

8

strong presumption exists that counsel's performance was reasonable and that the challenged action constituted sound trial strategy. Id. In order to establish that counsel's performance was unreasonable, a petitioner must show that no objectively competent counsel would take the action in question. Van Poyck v. Florida Department of Corrections, 290 F.3d 1318, 1322 (11th Cir. 2002).

To establish prejudice, a petitioner must show that there is a reasonable probability that, but for counsel's inadequate representation, the outcome of the proceedings would have been different. Strickland, 466 U.S. at 697; Meeks v. Moore, 216 F.3d 951, 960 (11th Cir. 2000). Reasonable probability is defined as a "probability sufficient to undermine confidence in the outcome." Id. (quoting Strickland, 466 U.S. at 694). If a petitioner fails to prove that he has suffered prejudice, the court need not address the deficient performance prong of the Strickland test. Holiday v. Haley, 209 F.3d 1243, 1248 (11th Cir. 2000).

In the instant petition, Ground Two alleges that trial counsel was ineffective for failing to investigate the facts of Petitioner's case and failing to interview witnesses for the State and the defense. Petitioner argued this claim on direct appeal. The Court of Appeals found that Petitioner failed to satisfy either Strickland requirement, as Petitioner's allegations were contradicted by the record. At the motion for new trial, trial counsel testified that that he spoke to investigating officers. Doc. 7-12 at 91. Trial counsel also testified that he attempted to locate Sylvester's brother, who was allegedly at the crime scene and was a potential witness. Id. at 93. Petitioner's family members, however, informed trial counsel that Petitioner's brother was not in the United States. Id. Additionally, the Court of Appeals found that Petitioner failed to establish prejudice because Petitioner failed to state what the allegedly necessary investigations would have

uncovered. Petitioner has again failed to allege what further investigation by his trial counsel would have revealed.

The Court of Appeals' holding regarding Ground Two reflects a reasonable finding of the facts based on the trial transcripts and is consistent with clearly established federal law. The record shows that trial counsel's conduct was within the "wide range of professionally competent assistance" required by Strickland. Moreover, Petitioner has failed to establish that he was prejudiced by counsel's performance. Accordingly, Ground Two is without merit.

Ground Three alleges that trial counsel was ineffective for failing to consult with Petitioner and prepare him adequately for trial. Petitioner argued this claim on direct appeal. The Court of Appeals again determined that Petitioner failed to meet either Strickland requirement. The Court of Appeals found that the evidence showed that trial counsel adequately met and communicated with Petitioner prior to trial. Trial counsel testified at the motion for new trial hearing that Petitioner never gave any indication that he was unable to understand any of the Spanish interpreters or was unable to understand trial counsel. Doc. 7-12 at 101. The Court of Appeals determined that trial counsel met with petitioner on at least four occasions, and stated that there "exists no magic amount of time which counsel must spend in actual conference with his client." Sylvester, 305 Ga. App. at 810-11. The Court of Appeals also found that Petitioner failed to establish prejudice because he failed to demonstrate how additional time spent with trial counsel would have changed the outcome of the case. Petitioner has again failed to show how additional time spent with trial counsel would have affected the outcome of the case.

The Court of Appeals' holding regarding Ground Three reflects a reasonable finding of the facts based on the trial transcripts and is consistent with clearly established federal law. The record shows that trial counsel's conduct was within the "wide range of professionally competent

assistance" required by Strickland. Moreover, Petitioner has failed to establish that he was prejudiced by counsel's performance. Accordingly, Ground Three is without merit.

Ground Four alleges that trial counsel was ineffective for failing to file a motion to sever the parties. Petitioner argued this issue on direct appeal. The Court of Appeals found that Petitioner failed to meet Strickland's prejudice requirement. Although Petitioner did not file a motion to sever, Petitioner's co-defendant Rodriguez did file a motion to sever, which was denied by the trial court. The Court of Appeals found that the trial court did not abuse its discretion in finding that number of defendants at trial would not create confusion and that the co-defendants' defenses were not antagonistic to each other. The Court of Appeals' finding is consistent with the record. As the Court of Appeals determined, a motion to sever filed Petitioner's counsel would have been futile.

The Court of Appeals' holding regarding Ground Four reflects a reasonable finding of the facts based on the trial transcripts and is consistent with clearly established federal law. Because Petitioner was not prejudiced by trial counsel's failure to file a motion to sever, Petitioner has failed to establish that trial counsel was ineffective pursuant to Strickland. Accordingly, Ground Four is without merit.

Ground Five alleges that trial counsel was ineffective for failing to properly cross-examine Officer Patrick Massey and object to the admission of certain State's exhibits. Petitioner argued this issue on direct appeal. The Court of Appeals determined that Petitioner failed to establish either Strickland requirement. Despite Petitioner's contentions, trial counsel joined with co-counsel in objecting to the State's recalling of Officer Massey. Doc. 7-6 at 123. Additionally, although trial counsel did not cross-examine Officer Massey after he testified the second time, trial counsel cross-examined Officer Massey after his initial direct examination. Id. at 69.

Moreover, co-defendant's counsel cross-examined Officer Massey after he testified the second time. As such, it was reasonable for trial counsel to decide not to cross-examine Officer Massey again. The Court of Appeals also found that Petitioner failed to establish prejudice because Petitioner failed to show what would have been revealed through further cross-examination, and Petitioner failed to cite any grounds upon which trial counsel should have objected to the State's exhibits. Petitioner has again failed to show how he was prejudiced by trial counsel's performance regarding these issues.

The Court of Appeals' holding regarding Ground Five reflects a reasonable finding of the facts based on the trial transcripts and is consistent with clearly established federal law. The record shows that trial counsel's conduct was within the "wide range of professionally competent assistance" required by Strickland. Moreover, Petitioner has failed to establish that he was prejudiced by counsel's performance. Accordingly, Ground Five is without merit.

Ground Six alleges that trial counsel was ineffective for failing to request a jury instruction as to the lesser included offenses of theft by taking and robbery by intimidation. Petitioner argued this issue on direct appeal. The Court of Appeals again determined that Petitioner failed to meet either Strickland requirement. At the motion for new trial hearing, trial counsel testified that he recalled discussing the issue but ultimately decided not to request the charges. Doc. 7-12 at 96. Such reasonable strategic decisions are not grounds for ineffective assistance of counsel. See Chateloin v. Singletary, 89 F.3d 749, 752 (11th Cir. 1996). The Court of Appeals found that Petitioner failed to meet his burden to show that trial counsel's decision was not reasonable trial strategy or that such a request would have affected the outcome of the trial. Petitioner has again failed to show how trial counsel's performance was deficient or how he was prejudiced by counsel's performance.

The Court of Appeals' holding regarding Ground Six reflects a reasonable finding of the facts based on the trial transcripts and is consistent with clearly established federal law. The record shows that trial counsel's conduct was within the "wide range of professionally competent assistance" required by Strickland. Moreover, Petitioner has failed to establish that he was prejudiced by counsel's performance. Accordingly, Ground Six is without merit.

Ground Seven alleges that trial counsel was ineffective for failing to object to juror misconduct based on a sleeping juror. Petitioner raised this ground on direct appeal. The Court of Appeals determined that Petitioner failed prove actual prejudice affirmatively from the record. Sylvester, 305 Ga. App. at 813; citing Sullivan v. State, 295 Ga. App. 145 (2008) (although prejudice is presumed on claims of juror misconduct raised on direct appeal, the burden is upon the defendant to prove actual prejudice affirmatively from the record in the ineffective assistance of counsel context). Petitioner has again failed to show how he was prejudiced by trial counsel's decision to allow the juror to continue to sit despite his alleged struggle to stay awake at one point during the trial.

Moreover, Petitioner has failed to show that trial counsel's performance was unreasonable. After the trial judge was informed by a bailiff that a juror was having trouble staying awake, a bench conference was held. Doc. 7-7 at 186. The trial court informed the parties of the issue, and the parties agreed that the juror should be allowed to continue so long as the juror was monitored. The parties agreed that the juror should be excused if the problem persisted. The trial continued without further issues regarding the juror's ability to stay awake or pay attention. Petitioner has failed to show how the parties' decision to proceed was unreasonable.

The Court of Appeals' holding regarding Ground Seven reflects a reasonable finding of the facts based on the trial transcripts and is consistent with clearly established federal law. The

record shows that trial counsel's conduct was within the "wide range of professionally competent assistance" required by Strickland. Moreover, Petitioner has failed to establish that he was prejudiced by counsel's performance. Accordingly, Ground Seven is without merit.

3. Ground Eight

Ground Eight alleges that the evidence was insufficient to support the jury's guilty verdict. Petitioner raised this issue on direct appeal. The Court of Appeals found that there was sufficient evidence to support Petitioner's armed robbery conviction. The evidence in the record supports the Court of Appeals' findings.

The Due Process Clause of the Fourteenth Amendment precludes a state criminal conviction absent proof of guilt beyond a reasonable doubt. Pilon v. Bordenkircher, 444 U.S. 1, 2 (1979). When assessing the constitutional sufficiency of the evidence, "[t]he relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319 (1979) (emphasis in original). A petitioner is therefore entitled to habeas corpus relief "if it is found that upon the record evidence adduced at trial no rational trier of fact could have found proof of guilt beyond a reasonable doubt." Id. at 324. The evidence, however, need not rule out every hypothesis except for guilt beyond a reasonable doubt. Martin v. Alabama, 730 F.2d 721, 724 (11th Cir. 1984). Additionally, all credibility determinations must be viewed in favor of the state. Cosby v. Jones, 682 F.2d 1373, 1382-83 (11th Cir. 1982).

To determine the sufficiency of the evidence, the reviewing court must examine the essential elements of the crime for which the petitioner was convicted. Jackson, 443 U.S. at 324. Georgia's armed robbery statute states that "[a] person commits armed robbery when, with intent

to commit theft, he or she takes property of another from the person or the immediate presence of another by use of an offensive weapon, or any replica, article, or device having the appearance of such weapon." O.C.G.A. § 16-8-41(a). A weapon is "used" when "the victim is aware of the weapon and it has the desired forceful effect of assisting to accomplish the robbery." Pritchett v. State, 265 Ga. App. 462, 463 (2004). The use of the weapon must either precede or be contemporaneous to the taking, as the subsequent use of the weapon will not satisfy the statute. Moore v. State, 233 Ga. 861, 864 (1975). Additionally, "[e]very person concerned in the commission of a crime is a party thereto and may be charged and convicted of the commission of the crime." O.C.G.A. § 16-2-20(a). A party to the crime includes a person who "[i]ntentionally aids or abets in the commission of the crime." O.C.G.A. § 16-2-20(a).

In this case, there was sufficient evidence to support Petitioner's armed robbery conviction. At trial, the victim testified that he was attacked by the defendants while Petitioner held a knife. The victim testified that the defendants stole two necklaces and over five hundred dollars during the attack. Police officers testified that they located the two necklaces in the defendants' apartment and another witness testified that the necklaces did in fact belong to the victim. Although cross-examination showed the victim's testimony to be inconsistent in certain respects and raised questions about the victim's credibility, all credibility determinations must be viewed in favor of the verdict. See Cosby, 682 F.2d at 1382-83. Accordingly, there was sufficient evidence to support the jury's guilty verdict.

The Court of Appeals' holding regarding Ground Eight reflects a reasonable finding of the facts based on the trial transcripts and is consistent with clearly established federal law. Viewing the evidence in the record and making credibility determinations in the light most favorable to the prosecution, there was sufficient evidence that Petitioner held a knife while he

and his co-defendants stole money and jewelry from the victim. Accordingly, Ground Eight is without merit.

CONCLUSION

Because Ground One is procedurally defaulted and because Petitioner has failed to demonstrate that the state court's decision regarding Grounds Two through Eight resulted in a decision that was: (1) unreasonable in light of the evidence; or (2) contrary to or the result of an unreasonable application of clearly established federal law as determined by the United States Supreme Court, it is **RECOMMENDED** that his petition be **DENIED**.

Pursuant to the requirements of Section 2254 Rule 11(b), it does not appear that Petitioner has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 483-84 (2000) (explaining how to satisfy this showing) (citation omitted). Accordingly, **IT IS FURTHER RECOMMENDED** that the Court deny a certificate of appealability in its final order.

Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to this recommendation with the district judge to whom this case is assigned within fourteen (14) days after being served with a copy thereof.

**SO RECOMMENDED**, this 7th day of November, 2012.

    s/ Charles H. Weigle
    Charles H. Weigle
    United States Magistrate Judge